**ORRICK, HERRINGTON & SUTCLIFFE, LLP**
Camille Joanne Rosca
51 West 52nd Street
New York, NY 10019-6142
(212) 506-5394

*Attorney for Defendant*
*Sweepsteaks Ltd. d/b/a Stake.us*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON NUFIO (STAKE.US USER WITHIN THE UNITED STATES), individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SWEEPSTEAKS LTD. d/b/a STAKE.US, KICK STREAMING PTY LTD., AUBREY DRAKE GRAHAM p/k/a DRAKE, ADIN ROSS, LIVINGSTON ALLEN p/k/a DJ AKADEMIKS, and GEORGE NGUYEN; and JOHN DOES 1-10 (fictitious names of persons whose identities are not yet known) and ABC CORPORATIONS 1-10 (fictitious corporations or other business entities whose identities are not yet known),<br><br>    Defendants. | Civil Action No.: 26-cv-8394 |

## NOTICE OF REMOVAL

Defendant Sweepsteaks Ltd. d/b/a Stake.us ("Stake.us"), with full reservation of all defenses, hereby removes this action from the Superior Court of New Jersey, Law Division, Monmouth County to the United States District Court for the District of New Jersey.

As set forth below, removal is proper under 28 U.S.C. § 1453 and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because (1) this is a civil action filed as a class action;

1

(2) the proposed class consists of more than 100 members; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) minimal diversity exists between the parties. Removal is also independently proper under Chapter 2 of the Federal Arbitration Act, specifically 9 U.S.C. §§ 203 and 205, because the subject matter of this action relates to an arbitration agreement falling under the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

In support of this Notice of Removal, Stake.us states the following:

## BACKGROUND

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the parties, as alleged in the Complaint, are as follows: Plaintiff Jason Nufio resides in Roselle, New Jersey and is represented by Lomurro Munson, LLC, 4 Paragon Way, Suite 100, Freehold, New Jersey 07728, and Impresa Legal Group, 3101 Wilson Blvd., Suite 500, Arlington, VA 22201. *See* Class Action Complaint and Demand for Jury Trial ("Complaint" or "Compl.") ¶ 38. Defendant Stake.us is a Cyprus Limited Company with a principal place of business at 28 Oktovrio, 313 Omrania BLD, Limassol, CY-3105, Cyprus. *Id.* ¶ 39. Defendant Kick Streaming Pty Ltd. ("Kick") is an Australian Proprietary Company with its principal place of business at 2/287 Collins Street, Melbourne, Victoria, 3000 Australia. *Id.* ¶ 40. Defendant Aubrey Drake Graham (p/k/a "Drake") is alleged to be a Canadian domiciliary. *Id.* ¶ 41. Defendant Adin Ross is alleged to be a Florida domiciliary and resident. *Id.* ¶ 42. Defendant Livingston Allen (p/k/a "DJ Akademiks") is a domiciliary and resident of 24 Shadow Brook Rd, Morganville, NJ 07728 in Monmouth County. *See* Exhibit 2, Docket Sheet for Superior Court of New Jersey, Monmouth County, MON L-001564-26. Defendant George Nguyen is alleged to be an Australian national, domiciled and residing in New South Wales,

2

Australia. *Id.* ¶ 44.[1]

2.      Plaintiff Jason Nufio ("Plaintiff") filed this Complaint against Removing Defendant and Defendants Kick, Drake, Adin Ross, Livingston Allen, George Nguyen, John Does 1-10, and ABC Corporations 1-10 in the Superior Court of New Jersey, Law Division, Monmouth County on April 22, 2026 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

3.      Stake.us, through its undersigned counsel, accepted service of the Complaint on June 9, 2026.

4.      Plaintiff alleges to be "a Stake.us accountholder who placed bets" and played games on Stake.us on the belief that it "was a lawful gambling experience," based on promotional content and endorsement of Stake.us by Drake. Compl. ¶ 17. Plaintiff further alleges that Defendants used Stake.us to conduct a fraudulent streaming scheme to artificially inflate play counts of Drake's music across music streaming platforms. *Id.* ¶¶ 15, 31.

5.      According to Plaintiff, Stake.us offers "nearly 2,000 casino games" to consumers nationwide and misrepresents that it is a "legal, harmless, and safe gaming site." *Id.* ¶¶ 5, 30. Plaintiff claims that he was influenced to sign up for an account and spend money on Stake.us based on "Drake's promotion and endorsement." *Id.* ¶ 31.

6.      Plaintiff alleges that Kick further "facilitate[s] the streaming of illegal gambling" by "recruit[ing] individuals to livestream their gambling on Stake.us," including Defendants Drake and Ross. *Id.* ¶¶ 8, 75, 77, 78.

7.      According to Plaintiff, Drake receives payments around $100,000,000 per year "to

---

[1] The Complaint does not allege the street and post office address of Defendants Drake or Adin Ross, and Stake.us is not presently able to provide those addresses. Stake.us will supplement this statement pursuant to Local Civil Rule 10.1(a) if and when that information becomes available.

promote Stake"[2] in part to indirectly fund the alleged streaming-fraud scheme and has diverted royalties "estimated to be in the hundreds of millions of dollars." *Id.* ¶¶ 32, 157.

8.      Plaintiff claims that if he had known that "Stake had been barred from operating in New Jersey," and that Defendants, through the platform, purportedly financed an artificial streaming scheme "to create fraudulent streams of Drake's music" and consequently fabricate Drake's popularity, among other allegations, "Plaintiff would not have signed up for an account or spent money on the platform." *Id.* ¶¶ 14-19.

9.      Plaintiff purports to represent a putative nationwide class, or "[i]n the alternative" a statewide class of "similarly situated individuals" in New Jersey "who created an account on or accessed Stake.us and who purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years." *Id.* ¶¶ 159, 161.

10.     According to Plaintiff, he and the putative class he claims to represent were deceived into signing up for and spending money on Stake.us, and have "been further damaged by the false marketing manipulations and abuses of Defendant Drake" and other Defendants. *Id.* ¶ 32. Plaintiff seeks to recover as a result, on behalf of himself and a putative class of "at least thousands of individuals," *id.* ¶ 165, compensatory damages, treble damages, statutory and punitive damages, restitution and disgorgement, recovery of gambling losses, injunctive and declaratory relief, and attorneys' fees and costs. *Id.* ¶¶ 181-182, 191, 210, 211. Plaintiff alleges that his damages and those of the putative class are "expected to be in excess of $5,000,000, plus treble damages, costs, and attorney's fees." *Id.* ¶ 181(b).

---

[2] Throughout the Complaint, Plaintiff explicitly conflates Stake.us—the only Stake entity named as a Defendant—with Stake.com, a separate, nonparty entity. The Complaint defines "Stake" to encompass both Stake.com and Stake.us, and makes allegations as to "Stake," without specifying which entity engaged in the alleged conduct. Compl. ¶ 2 n.1; *see generally* Compl.

11.     Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.2(2), copies of all documents including the state court docket sheet, all process, pleadings, and orders on file with the Superior Court of New Jersey, Monmouth County, are attached hereto as **Exhibit 2**.

**VENUE AND JURISDICTION**

12.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Superior Court of the State of New Jersey, County of Monmouth is located within the federal judicial district of the United States District Court for the District of New Jersey. 28 U.S.C. § 110. Removal to this District is likewise proper under 9 U.S.C. § 205, which authorizes removal to "the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

13.     Based on Plaintiff's allegations in the Complaint, this court has original jurisdiction over Plaintiff's claims per 28 U.S.C. § 1332(d)(2). As set forth below, this is a putative class action in which the proposed class consists of thousands of members, at least one member of the proposed class is a citizen of a State or foreign state different from at least one Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Plaintiff accordingly could have originally filed this action in this Court, and removal is proper under CAFA. This Court also has original jurisdiction under Chapter 2 of the Federal Arbitration Act because, as set forth below, the subject matter of this action relates to an arbitration agreement falling under the Convention, and such an action "shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.

**TIMELINESS OF REMOVAL**

14.     This Notice of Removal is timely filed within thirty (30) days of when Stake.us, through undersigned counsel, accepted service of the Complaint, as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

15.     This Notice of Removal is also timely under 9 U.S.C. § 205, which permits removal to federal court of an action whose subject matter relates to an arbitration agreement falling under the Convention "at any time before trial." *See Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 158 (3d Cir. 2000) ("'[U]nder section 205, a defendant may remove 'at any time before trial.'" (citation omitted)); *Desai v. Doctor's Associates Inc.*, No. 08-3363, 2008 WL 4661625 at *2 (D.N.J. Oct. 20, 2008) (finding Section 205 removal requirements met where, in part, "removal occurred 'before the trial' in state court").

## REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

16.     Under CAFA, federal courts have original jurisdiction over (1) class actions as defined by the statute, where (2) the putative class includes at least 100 members, (3) any plaintiff is diverse from any defendant, and (4) the Complaint's allegations demonstrate the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

17.     CAFA reflects a "strong preference" to resolve interstate class actions in federal court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); S. Rep. No. 109-14, at 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). Importantly, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89 (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)).

18.     A defendant need only file a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### I.    This Action is a "Class Action" Within the Meaning of CAFA.

19.     Under CAFA, a "class action" means "any civil action filed under rule 23 of the

Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

20.    Plaintiff's Complaint is captioned as a "Class Action Complaint."

21.    Plaintiff filed this action as a putative class action under New Jersey Court Rule 4:32-1, which is New Jersey's equivalent to Federal Rule 23's class action procedure. Compl. ¶ 159. New Jersey Court Rule 4:32-1 is a State rule of judicial procedure similar to Federal Rule 23 authorizing an action to be brought by representative persons as a class action. *See Folbaum v. Rexall Sundown, Inc.*, No. A-244-02T1, 2004 WL 3574116, at *2 (N.J. Super. Ct. App. Div. June 3, 2004) ("4:32–1 is modeled on [Fed. R. Civ. P. 23]").

22.    Plaintiff expressly alleges that he satisfies the numerosity, commonality, typicality, adequacy, and superiority criteria for maintaining a class action under New Jersey law. Compl. ¶¶ 165-170. This action therefore qualifies as a class action under CAFA.

**II.    The Putative Class Consists of at Least 100 Members.**

23.    CAFA requires an aggregate of at least 100 members across all proposed plaintiff classes. 28 U.S.C. §1332(d)(5)(B).

24.    Plaintiff seeks to represent a proposed class of: "[a]ll persons in the United States who created an account on or accessed Stake.us and who purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years." Compl. ¶ 160. In the alternative, Plaintiff seeks to represent a class of "[a]ll persons in New Jersey who created an account on or accessed Stake.us and who purchased Gold Coins bundled with Stake Cash and made and lost one or more wagers using Stake Cash within the last three years." *Id.* ¶ 161.

25. The Complaint further alleges that "**the Class, and each of the sub-classes, includes at least thousands of individuals**." *Id.* ¶ 165 (emphasis added). Accordingly, the proposed class includes at least 100 putative class members and satisfies CAFA.

## III. Minimal Diversity Exists.

26. CAFA requires minimal diversity of citizenship, or when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This "minimal diversity" standard is far less demanding than the complete diversity required under traditional diversity jurisdiction. *Gelis v. Bayerische Motoren Werke Aktiengesellschaft*, No. 2:17-CV-07386, 2018 WL 6804506, at *3 (D.N.J. Oct. 30, 2018) ("Jurisdiction under [CAFA] … requires only minimal diversity …").

27. Plaintiff is a citizen of New Jersey, allegedly residing in Roselle, New Jersey. Compl. ¶ 38.

28. Defendant Stake.us is a Cyprus Limited Company with its principal place of business in Cyprus. *Id.* ¶ 48. It is a citizen of a foreign state within the meaning of 28 U.S.C. § 1332(d)(2)(B).

29. Because Plaintiff is a citizen of New Jersey and at least one Defendant is a citizen of a foreign state, minimal diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2)(A),(C).

## IV. The Aggregate Amount in Controversy Exceeds $5,000,000.

30. CAFA confers federal jurisdiction over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). "[T]he claims of the individual class members shall be aggregated" to determine whether the threshold is met. 28 U.S.C. §1332(d)(6).

31. "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Where the complaint itself demands damages in excess of the jurisdictional minimum, "that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Id.* at 84 (citing 28 U.S.C. § 1446(c)(2)). A notice of removal "need not contain evidentiary submissions." *Id*. at 84. "And if a federal court is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 40 (2005) (cleaned up, citation omitted).

32.    Plaintiff expressly seeks damages in excess of CAFA's jurisdictional threshold in the Complaint. Plaintiff alleges that his damages, and those of the class, are "**expected to be in excess of $5,000,000**." Compl. ¶ 181(b) (emphasis added). The Complaint's Prayer for Relief likewise seeks "**[a]warding all available damages, not less than $5,000,000**." *Id.* ¶ 211(b) (emphasis added). Stake.us does not concede that Plaintiff's allegations have merit, but they demonstrate that the amount placed in controversy satisfies CAFA's jurisdictional threshold.

33.    Plaintiff seeks additional categories of damages that, when aggregated, also exceed CAFA's jurisdictional threshold. The amount in controversy includes not only compensatory damages but also treble damages, statutory penalties, punitive damages, attorneys' fees, and the value of injunctive relief – all of which the Plaintiff is seeking here. *See Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007) (holding that punitive damages and attorneys' fees must be considered in arriving at the amount in controversy under CAFA); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees."); *see also Alegre v. Atl. Cent. Logistics*, No. 15-cv-2342, 2015 WL 4607196, at *7 (D.N.J. July 31, 2015) (including attorneys' fees at a rate of thirty percent (30%)

of common fund recovery in amount in controversy calculation); *Mallon v. Dalessio Auto Grp., Inc.*, No. 2:25-cv-06627, 2026 WL 1045318, at *4 (D.N.J. Apr. 17, 2026) (treble damages and statutory penalties count for CAFA's amount in controversy requirement). Here, Plaintiff claims that he and the putative class of "thousands of individuals," Compl. ¶ 165, are entitled to treble damages under the New Jersey civil RICO statute, N.J.S.A. 2C:41-3; statutory and treble damages under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*; statutory damages for net gambling losses under N.J.S.A. 2A:40-1 *et seq.*; injunctive and declaratory relief; and attorneys' fees, and costs. *See, e.g.*, Compl. ¶¶ 182, 191, 210, 211(c), (d)-(e). Multiplying the alleged monetary value of Plaintiff's claims by the approximated class size of thousands of members alone results in an amount in controversy exceeding $5,000,000. *See Alegre*, 2015 WL 4607196, at *5-6.

**V.    All Other Removal Requirements Are Satisfied.**

34.    This case meets all of the requirements for removal to federal court under CAFA.

35.    Under CAFA, removal of a class action under § 1332(d) may be effected by any defendant "without the consent of all defendants." *See* 28 U.S.C. § 1453(b). Accordingly, the consent of the remaining Defendants is not required for removal under CAFA.

**CHAPTER 2 OF THE FEDERAL ARBITRATION ACT AND THE NEW YORK CONVENTION**

36.    Removal is independently proper under Chapter 2 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 203 and 205, which codifies the Convention. Under the FAA, any civil action whose subject matter "relates to an arbitration agreement or award falling under" the Convention "shall be deemed to arise under the laws and treaties of the United States," vesting the district courts with original jurisdiction "regardless of the amount in controversy." 9 U.S.C. §§ 203, 205.

37.    An arbitration agreement or award falls under the Convention if "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Desai*, 2008 WL 4661625, at *2; *see also* 9 U.S.C. § 202 ("An arbitration agreement ... which is considered as commercial, including a transaction, contract, or agreement ... falls under the Convention").

38.    Section 205 permits a defendant to remove such an action "at any time before the trial thereof." 9 U.S.C. § 205. Section 205 removal grounds "need not appear on the face of the complaint but may be shown in the petition for removal." *Id.* "The procedure for removal of causes otherwise provided by law shall apply," *id.* including those set forth in 28 U.S.C. § 1446. *Suter*, 223 F.3d at 158 n.4.

39.    Plaintiff alleges that he signed up for a Stake.us account and placed bets and spent money on the platform. Compl. ¶¶ 17, 31. Plaintiff further alleges that "[w]hen signing up for an account on Stake.us, users are prompted to accept certain conditions, including a mandatory arbitration clause and a class action waiver." *Id.* ¶ 29. According to Plaintiff, Stake.us's Terms and Conditions "imposes on all users, including Plaintiff and the Class, a contract of adhesion mandating that all disputes be referred to arbitration." *Id*. ¶ 92.

40.    This case relates to an arbitration agreement under the Convention based on Plaintiff's allegations regarding Stake.us's Terms and Conditions. First, Plaintiff's claims arise out of his alleged use of Stake.us—a platform Plaintiff alleges he could not use without agreeing to Stake.us's Terms and Conditions. Plaintiff also affirmatively seeks a declaratory judgment that the arbitration clause and class-action waiver in the Stake.us Terms are unenforceable. *Id.* ¶¶ 192–204. Second, Stake.us's Terms and Conditions include an arbitration agreement under the

Convention. Plaintiff alleges that those Terms and Conditions were displayed in a writing that includes a provision to arbitrate "all disputes." *Id.* ¶¶ 92, 194. It provides for arbitration administered by the American Arbitration Association. *Id*. ¶ 93. The agreement further arises out of a commercial legal relationship between users, including Plaintiff, and Stake.us, who is not an American citizen. *Id*. ¶¶ 29, 39, 92.

41.     Accordingly, removal is therefore also proper under Chapter 2 of the FAA and the Convention, 9 U.S.C. §§ 203 and 205.

42.     Kick Streaming Pty, Ltd. ("Kick"), through its undersigned counsel, accepted service of the Complaint on June 9, 2026. It consents to the removal.

43.     Upon information and belief, Defendant George Nguyen may have been served with the Complaint on or around June 19, 2026. It is not apparent from the record, however, whether service was properly effected. In any event, because Mr. Nguyen has not appeared and is not presently participating in the State Court Action, Stake.us is not required to obtain Mr. Nguyen's consent to removal under 28 U.S.C. § 1446(b)(2)(A). *See Baker v. Lincoln Park Bancorp*, No. CV 20-8731 (SRC), 2020 WL 5640689, at *3-4 (D.N.J. Sept. 22, 2020) (finding removal proper even where Defendants did not "obtain consent to removal from the other named Defendants, as required by 28 U.S.C. § 1446(b)(2)(A)" because Plaintiff "provided no indication that the [other named defendants] were personally served"); *Carvajal v. Target Stores, Inc.*, No. 215CV03797SDWMAH, 2016 WL 111423, at *2 (D.N.J. Jan. 11, 2016) ("The removal statute provides that only defendants who are 'properly joined and served' need join in or consent to removal"); *Love v. Does 1-9*, No. CV 17-1036-BRM-DEA, 2017 WL 5717792, at *3 (D.N.J. Nov. 28, 2017) ("[T]he rule of unanimity does not apply: ' … when a defendant has not been served when the removing defendants filed their notice of removal'") (citing *Am. Asset Fin., LLC v. Corea*

*Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011)).

44.    Upon information and belief, Defendants Aubrey Drake Graham, Adin Ross, and Livingston Allen have not yet been served with the Complaint. Therefore, their consent to removal is also not required under 28 U.S.C. § 1446(b)(2)(A).

## NOTICE TO PLAINTIFFS AND STATE COURT

45.    In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and all parties, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Monmouth County, where the suit has been pending.

## RESERVATION OF RIGHTS

46.    By filing this Notice of Removal, Stake.us does not waive, and expressly reserves, all defenses, objections, and motions available under Rule 12 of the Federal Rules of Civil Procedure and any other applicable rule or statute, including any defense or objection based on lack of personal jurisdiction. Removal of this action does not constitute a waiver of, or consent to, this Court's exercise of personal jurisdiction over Stake.us, and Stake.us expressly reserves the right to move to dismiss for lack of personal jurisdiction. Stake.us does not admit any of the allegations in the Complaint; does not concede that Plaintiff has stated any claim for relief or is entitled to any relief; and does not concede that this action satisfies the requirements for certification and maintenance of a class action under Fed. R. Civ. P. 23.

47.    Stake.us further expressly reserves the right to compel arbitration of Plaintiff's claims under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and to enforce the class action waiver and mandatory arbitration clause contained in Stake.us's Terms and Conditions. *See Earle v. BLST Sales, Mktg. & Servicing, LLC*, No. CV 24-8983, 2025 WL 2170146, at *7 (D.N.J. July 31, 2025) ("Merely removing a lawsuit from state court to federal court does not waive a

contractual right to arbitration."). Nonetheless, Plaintiff's Complaint, "whether well or ill[-] founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

## CONCLUSION

48.     WHEREFORE, pursuant to 28 U.S.C. §§ 1332(d) and 1453, and in conformity with the applicable requirements set forth in 28 U.S.C. § 1446, Stake.us hereby removes this action to the United States District Court for the District of New Jersey.

Dated: July 8, 2026                              ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Camille Joanne Rosca*
Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5394
crosca@orrick.com

David McGill*
Diana Szego Fassbender*
Hillary Dang*
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave N.W.
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
dmcgill@orrick.com
dszego@orrick.com
hdang@orrick.com

Paige Pavone*
Marc R. Shapiro*
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
ppavone@orrick.com
mrshapiro@orrick.com

*Motion for *Pro Hac Vice* Forthcoming

*Counsel for Defendant Sweepsteaks Ltd. d/b/a Stake.us*

15