

4 Paragon Way • Suite 100
Freehold NJ • 07728
(732) 414-0300 • Fax (732) 431-4043

WWW.LOMURROLAW.COM

**Donald M. Lomurro**                                    dlomurro@lomurrolaw.com
Certified by the Supreme Court of                  Direct Dial (732) 414-0327
New Jersey as a Civil Trial Attorney

July 16, 2026

**Via ECF**
The Hon. Robert Kirsch, U.S.D.J.
Unites States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re:**    *Nufio v. Sweepsteaks Ltd. d/b/a Stake.us., et al.* **(Civil No. 3:26-cv-08394-RK-JBD)**

Dear Judge Kirsch:

We write on behalf of plaintiff Jason Nufio ("Plaintiff") and pursuant to Your Honor's Individual Rule I(a)(1) to respectfully request a pre-motion conference regarding Plaintiff's anticipated motion to remand this action to the Superior Court of New Jersey, Monmouth County ("State Court"). As previewed herein, the recent removal of this action to this Court by defendants Sweepsteaks Ltd. d/b/a Stake.us ("Stake.us") and Kick Streaming Pty. Ltd ("Kick," together with Stake.us, the "Removing Defendants") was procedurally and substantively defective. *First*, the removal was untimely under §§ 1453 and 1446, as it occurred more than thirty (30) days after receipt of the Complaint. *Second*, this proceeding does not qualify for removal or Federal subject matter jurisdiction under the Federal Arbitration Act ("FAA"). As a result, this matter should be remanded to State Court for all further proceedings. Plaintiff further respectfully requests that the Court stay all further proceedings—including the Removing Defendants' deadline to answer or otherwise respond to the Complaint—until Plaintiff's remand request is fully resolved.

## I.    Nature of Claims and Procedural History

Plaintiff, a New Jersey resident, is one of many victims of the illegal gambling scam and conspiracy perpetuated among defendants Stake.us, Kick, Aubrey Drake Graham p/k/a Drake ("Drake"), Adin Ross ("Ross"), New Jersey resident Livingston Allen p/k/a DJ Akademiks ("Allen"), and George Nguyen ("Nguyen") (collectively, the "Defendants"). This class action arises out of New Jersey law, and Plaintiff asserts claims under New Jersey State law *only*—the New Jersey Constitution, New Jersey civil RICO, the New Jersey Consumer Fraud Act, New

July 17, 2026
Page 2

Jersey's gambling-loss recovery statutes, and the New Jersey Declaratory Judgment Act. Defendants' actions have harmed a significant number of New Jersey residents, including Plaintiff.

On May 21, 2026, Plaintiff's counsel exchanged email with the Removing Defendants' counsel (David McGill of Orrick, Herrington & Sutcliffe ("Orrick")) to alert him to the filing of this class action. Orrick is currently representing the Removing Defendants in other actions pending in the United States and Plaintiff's counsel have been adverse to these lawyers in previous Stake litigation. That same day, Orrick responded by email: "I'll discuss with other clients and circle back. If we're retained for that matter, I expect we'll be able to work out a similar arrangement around service." On June 4, 2026, Orrick emailed Plaintiff's counsel, stating, "I just got confirmation this morning that [we'll] be handling that one as well." The parties subsequently agreed orally that the Removing Defendants would waive formal service in exchange for additional time to respond to the Complaint. The Removing Defendants then filed a Notice of Removal of this action on July 8, 2026.

## II.     Removal of This Class Action Was Untimely

Removal of a class action is governed in relevant part by 28 U.S.C. §§ 1453 and 1446. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal "must 'be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....'" *Shelton v. Home Depot, Inc.*, 2025 WL 3677630, at \*2 (D.N.J. Dec. 15, 2025). The thirty-day time limitation is mandatory. *See id.*; *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3d Cir. 2003) (noting that the 30-day limit is "compulsory").

Here, the Removing Defendants were in receipt of this class action as early as May 21, 2026, and certainly no later than June 4, 2026, based on the exchange of emails among counsel for the respective parties. The Removing Defendants waived formal service—as they previewed in their counsel's first interactions on this matter. Accordingly, the time to remove began running at the latest on June 4, 2026, and expired on July 6, 2026. However, the Removing Defendants failed to remove until July 8, 2026—two days beyond the compulsory deadline. Because the removal was untimely, this action must be remanded to State Court.

## III.     The Action Is Not Eligible for Removal under the FAA

Seemingly recognizing that their removal was untimely under CAFA , the Removing Defendants alternatively argue that the action can be removed under the FAA—specifically, 9 U.S.C. §§ 203, 205. However, this alternative argument fails, as well.

### A.     The Court Lacks Subject Matter Jurisdiction Over this Action

In their Notice of Removal, the Removing Defendants improperly conflate the language of 9 U.S.C. §§ 203, 205 to imply that this Court has broad subject matter jurisdiction to hear this action. Howver, subject matter jurisdiction (Section 203) is distinct from removal jurisdiction (section 205), and each must independently exist for this Court to preside over the action. *Capricor Therapeutics, Inc. v. NS Pharma, Inc.*, Civil Action No. 26-5788 (JXN) (AME), 2026 U.S. Dist. LEXIS 134837, at \*11-12 (D.N.J. June 17, 2026). Whereas Section 205 is broad in scope and permits removal "[w]here the subject matter of an action or proceeding pending in a State court

July 17, 2026
Page 3

relates to an arbitration agreement or award falling under the [New York] Convention," Section 203 is much narrower and makes clear that Federal subject matter jurisdiction is only conferred for "***an action or proceeding falling under the Convention***" (emphasis added).  This court, and other District Courts, have rejected similar attempts to conflate these provisions, finding that subject matter jurisdiction under 9 U.S.C. § 203 ***only*** exists as to "an action to compel arbitration under § 206 or to enforce an award under § 207"—not merely an action relating to an arbitration agreement governed by the New York Convention.  *Capricor Therapeutics,* 2026 U.S. Dist. LEXIS 134837, at *7-9 (collecting cases from courts in the Third Circuit); *WJ Holding Ltd. v. Shireen Mar. Ltd.*, No. 20 CV 1068 (LDH) (CLP), 2020 U.S. Dist. LEXIS 223312, at *18 (E.D.N.Y. Nov. 25, 2020) (no subject matter jurisdiction under Section 203 because "it is clear that the state court action brought by plaintiffs is neither an action to compel arbitration nor an action to enforce an arbitral award.").  In the absence of subject matter jurisdiction, remand is mandatory.  *See* 28 U.S.C.S. § 1447(c) ("If. . . it appears that the district court lacks subject matter jurisdiction, the case ***shall*** be remanded.") (emphasis added).

Here, Plaintiff's claims do not seek to enforce an arbitration clause—indeed, they expressly deny the existence of one, as well as the formation, validity and enforceability of the alleged "agreement" in which that clause appears—nor do they seek to enforce an arbitration award.  No party has sought to compel arbitration, and the Removing Defendants' future intention to move to compel Plaintiff's claims to arbitration does not satisfy Section 203's requirements. *See Capricor Therapeutics*, 2026 U.S. Dist. LEXIS 134837, at *9 (noting that jurisdiction is determined at the time of removal, and "[b]ecause, at [the] time Defendants removed, they neither moved to enforce the arbitration provision in the Distribution Agreement, nor sought to enforce an arbitration award, the Court lacks subject matter jurisdiction."); *see also* 9 U.S.C. § 206 (limiting power to compel arbitration to "[a] court having jurisdiction under" Chapter 2 of the FAA—not independently conferring such jurisdiction).  Accordingly, this Court lacks subject matter jurisdiction and the action must be remanded to State Court for all further proceedings.

**B.      Removal Was Improper Because No Agreement to Arbitrate Exists**

The FAA is further inapplicable, and the case must still be remanded, because there an agreement to arbitrate was never formed.  *Cf. Harrison v. Nissan Motor Corp. in U.S.A.*, 111 F.3d 343, 348 n.8. (3d Cir. 1997) ("[F]or the FAA to apply, the party seeking to compel FAA arbitration must show the existence of a written agreement that contains an arbitration clause . . ..");  *Lopresti v. Electro-Films, Inc.*, No. 92-2965, 1992 U.S. Dist. LEXIS 17446, at *8 (E.D. Pa. Oct. 19, 1992) ("[I]n order for the [FAA] to apply, there must be a written agreement to arbitrate . . . …"). Here, the Removing Defendants point to an Stake.us's Terms and Conditions as grounds to remove this action under the FAA.  However, the Terms and Conditions did not constitute a contract, let alone an agreement to arbitrate.

New Jersey law is clear that an agreement is illusory—and no contract is formed—when it grants a party the *unilateral right to modify* and amend the agreement's terms at any time without notice to the counterparty.  *Raymours Furniture Co., Inc. v. Rossi*, 2014 WL 36609, at *9 (D.N.J. Jan. 2, 2014) (no agreement to arbitrate where party reserved the right to modify contract "at any time with or without advance notice and at its sole discretion" ); *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 578 (D.N.J. 2002) (no contract existed where it "contained explicit language warning that the proposal could be modified or withdrawn at promisor's sole option."); *see also Mid-American Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 227 (3d Cir. 2020)

July 17, 2026
Page 4

("[I]f it is wholly optional with one party to a bilateral agreement whether he shall perform or not, there is no legal contract. The promise of that party in such a bargain is illusory."). It is not disputed that Stake's, the Terms and Conditions presume to permit it to amend the agreement "at any time" merely by "publish[ing]" changes "on the Platform," retroactively, without advance notice with the amended agreement "binding and effective immediately." . The user cannot opt out and his only option is to stop using the platform *after* the change has already become binding—a change for which the user may never become aware. Accordingly, this "agreement" is illusory and no contract—let alone an agreement to arbitrate—was formed, rendering the FAA inapplicable. *See Bothell v. Hitachi Zosen Corp.*, 97 F. Supp. 2d 1048, 1054-55 (W.D. Wash. 2000) ("Due to the lack of a valid arbitration agreement under the Convention, Defendants' reliance upon § 205 of the Convention in removing the instant case from state court to federal district court is improper. Thus, an immediate remand of the instant case to state court is appropriate."). A remand motion is appropriate and should be heard prior to any other motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Donald Lomurro*
DONALD M. LOMURRO, ESQ.

cc:    David McGill, Esq., *Counsel for defendants Sweepsteaks Ltd. d/b/a Stake.us and Kick Streaming Pty. Ltd.* (Via ECF)