

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142
T: (212) 506-5394
crosca@orrick.com

July 31, 2026

**Via ECF**

The Honorable Robert Kirsch
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:    *Nufio v. Sweepsteaks Ltd. d/b/a Stake.us et al.*, **Case No. 3:26-cv-8394 (D.N.J. 2026)**

Dear Judge Kirsch:

We represent Defendants Sweepsteaks Ltd. d/b/a Stake.us ("Stake.us") and Kick Streaming Pty Ltd. ("Kick") in the above-captioned matter. In accordance with Section I.A.3 of this Court's Rules and Procedures, we write in response to the letter filed by Plaintiff Jason Nufio ("Plaintiff") regarding his anticipated motion to remand this action to the Superior Court of New Jersey. ECF No. 11 ("Remand Letter"). We disagree with Plaintiff's contention that removal "was procedurally and substantively defective." For the reasons set forth in its Notice of Removal and this letter, Stake.us properly removed this case to federal court, with consent from Kick, on two grounds: (1) the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453, and 28 U.S.C. § 1332(d); or, alternatively, (2) the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

## I.    Stake.us Properly and Timely Removed This Case Under CAFA.

Plaintiff lacks a good-faith basis to contest removal here. As an initial matter, he does not dispute that removal is proper under CAFA and 28 U.S.C. § 1332(d) because (1) this is a civil action filed as a class action; (2) Plaintiff's proposed class consists of more than 100 members; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) minimal diversity exists between the parties. ECF No. 1. Instead, he seeks only to challenge Stake.us's removal notice as untimely. But his challenge is badly misplaced.

The thirty-day removal clock under 28 U.S.C. § 1446(b)(1) begins to run upon proper *service*—evidenced by either formal service of process or waiver of service. Under Supreme Court and Third Circuit precedent, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' ... ***but not by mere receipt of the complaint unattended by any formal service***." *Di Loreto v.*

July 31, 2026
Page 2

*Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) (emphasis added) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)); *Alicea v. Outback Steakhouse*, No. 10-4702, 2011 WL 1675036, at *3 (D.N.J. May 3, 2011) ("It is not counsel's awareness of a lawsuit ... that is dispositive to the issue of a timely removal, but rather ... formal service or voluntarily by waiver of service."). As relevant here, the Supreme Court rejected "the so-called 'receipt rule'—starting the time to remove on receipt of a copy of the complaint, however informally, despite the absence of any formal service," recognizing such a rule could, as here,[1] "operate with notable unfairness to individuals and entities in foreign nations." *Murphy Bros.*, 526 U.S. at 356. The cases cited in Plaintiff's Remand Letter do not hold otherwise. ECF No. 11 at 2.

Notwithstanding these controlling authorities, Plaintiff contends that the 30-day removal clock under 28 U.S.C. § 1446(b)(1) started to run for Stake.us either (1) when Plaintiff's counsel first emailed undersigned counsel on May 21, 2026 (without even attaching the Complaint), noting that "[w]e filed a class-action suit in state Court in Monmouth County, NJ," or (2) on June 4, 2026, when undersigned counsel emailed Plaintiff's counsel confirming its representation of Stake.us and proposing a call to discuss "the service issue." Plaintiff is mistaken. As the June 4 email makes clear, Stake.us had not even discussed the service issue with Plaintiff before that date. Nor did Plaintiff's counsel send a copy of the Complaint to undersigned counsel on or before that date.

Ultimately, it was not until June 9, 2026, that counsel for the respective parties discussed the issue of service. During that virtual meeting, undersigned counsel agreed—for the first and only time—to accept service of the Complaint in exchange for certain scheduling concessions. There is no ambiguity on this point. Indeed, following the June 9 meeting, Plaintiff's counsel specifically memorialized the service agreement via email, thanking undersigned counsel "for agreeing to accept service on behalf of Defendant Stake[.us] and Kick."[2]

The timeliness analysis is thus straightforward: Plaintiff never formally served Stake.us or Kick with the Summons or Complaint. Nor did he execute a Fed. R. Civ. P. 4(d) service waiver. Instead, undersigned counsel agreed to accept service of the Complaint on June 9, 2026,[3] and Stake.us timely removed this action 29 days later (with Kick's consent), on July 8, 2026. Remand is therefore inappropriate. *See, e.g.*, *Cartridge Actuated Devices, Inc. v. Flinchbaugh Co.*, No. 2:26-cv-01131, 2026 WL 2014244, at *4–5 (D.N.J. July 10, 2026) (holding defense counsel's email confirming he was "authorized ... to accept service" did not alone waive formal service).

## II.    Alternative Removal Under the FAA Was Proper.

Even absent CAFA removal, removal was independently proper under the FAA, pursuant to 9 U.S.C. §§ 203 and 205, because the case "relates to an arbitration agreement … falling under

---

[1] Stake.us and Kick are both foreign defendants. ECF No. 1-1 ¶¶ 39–40.

[2] Plaintiff's Remand Letter omits any reference to the June 9, 2026, service agreement or the meeting and correspondence from that same day. As Plaintiff appears to lack any good-faith basis to challenge the timeliness of removal here, the Court may wish to consider whether the Remand Letter meets the minimum requirements set forth in Rule 11(b). For the same reason, Stake.us respectfully reserves the right to seek fees under Rule 11(c).

[3] Stake.us and Kick reserve all rights and defenses under Rule 12(b)(5).



July 31, 2026
Page 3

the [New York] Convention," specifically arbitration including Stake.us, a non-American entity, under an arbitration clause administered by the American Arbitration Association.[4] *See* ECF No. 1 ¶¶ 37, 39–41; *Razo v. Nordic Empress Shipping Ltd.*, No. 07-cv-05745, 2008 WL 2902184, at *2 (D.N.J. July 24, 2008), *aff'd*, 362 F. App'x 243 (3d Cir. 2009). Plaintiff alleges he is "a Stake.us accountholder" on whom Stake.us's Terms and Conditions ("Terms") are imposed. ECF No. 1-1 (Compl.) ¶¶ 92, 99, 194. Yet he seeks a declaratory judgment from this Court holding the mandatory arbitration clause, among other provisions in Stake.us's Terms, "void, illegal, and unenforceable"—an issue Plaintiff himself alleges "goes directly to the threshold question of whether the parties' dispute may be heard by this Court, or must instead be relegated to confidential arbitration on Stake's terms." *Id.* ¶¶ 192–204, 211(d). Contrary to Plaintiff's assertion, injection of an arbitration agreement covered by the Convention in his Complaint sufficiently triggers removability under 9 U.S.C. §§ 203 and 205. *See Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 287–89 (3d Cir. 2010), *as amended* (Dec. 7, 2010) (district court had jurisdiction under §§ 203 & 205 where claims included dispute over enforceability of agreement under the FAA); *Desai v. Doctor's Assocs. Inc.*, No. 08-3363, 2008 WL 4661625, at *2 (D.N.J. Oct. 20, 2008) (finding removal proper under § 205 where complaint sought to enjoin enforcement of arbitration awards).

Plaintiff cannot escape FAA removal by arguing the arbitration agreement is illusory either. Stake.us's Terms provide that "[a]ny amendments will be published on the Platform," modifications become binding only through continued Platform access, and "[i]f you do not agree to the amended Terms, you must stop using the Platform." Stake.us further displays mandatory scrollwrap acceptance windows listing the updated Terms and requiring affirmative acceptance before a user may continue with access to the Platform—including Plaintiff, who agreed to such an acceptance window in August 2025. These limitations are precisely the safeguards that save an arbitration agreement from becoming illusory by way of its modification clauses. *See, e.g.*, *Singh v. Uber Technologies, Inc.*, 67 F.4th 550, 563–64 (3d Cir. 2023) (rejecting illusoriness challenge where agreement provided "any modifications will be conveyed in writing to the driver and become effective only if the driver consents by continuing to use the Uber app"); *Jaworski v. Ernst & Young U.S. LLP*, 119 A.3d 939, 947–49 (N.J. Super. Ct. App. Div. 2015) (arbitration program not illusory where employer was required to provide electronic notice of amendments and continued employment constituted assent); *see also Ridley et. al, v. Sweepsteaks Ltd., et al.,* No. 1:25-cv-2511, 2026 WL 2201149, at *7 (E.D. Va. July 30, 2026) (rejecting illusoriness challenge to Stake.us's Terms because they "provide clear and adequate notice to its users of any amendments, and gives them the option of whether to accept such terms before continued use").

Accordingly, we respectfully submit that Plaintiff's request for remand is inappropriate and should be denied.

---

[4] Stake.us intends to move to compel arbitration and expressly reserved its right to do so in the notice of removal. ECF No. 1 ¶ 47.

July 31, 2026
Page 4



Respectfully submitted,

By: */s/ Camille Joanne Rosca*
Camille Joanne Rosca
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5394
crosca@orrick.com

David McGill*
Diana Szego Fassbender*
Hillary Dang*
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave N.W.
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
dmcgill@orrick.com
dszego@orrick.com
hdang@orrick.com

Paige Pavone*
Marc R. Shapiro*
ORRICK HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
ppavone@orrick.com
mrshapiro@orrick.com

*Motion for *Pro Hac Vice* Pending

*Counsel for Defendant Sweepsteaks Ltd. d/b/a
Stake.us and Kick Streaming Pty Ltd.*

cc: counsel of record (via ECF)

4