LOMURROLAW
TRIAL LAWYERS

4 Paragon Way • Suite 100
Freehold NJ • 07728
(732) 414-0300 • Fax (732) 431-4043

WWW.LOMURROLAW.COM

**Donald M. Lomurro**
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

dlomurro@lomurrolaw.com
Direct Dial (732) 414-0327

October 7, 2026

**Via ECF**
The Hon. Robert Kirsch, U.S.D.J.
Magistrate Brendan J. Day
Unites States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re:** ***Nufio v. Sweepsteaks Ltd. d/b/a Stake.us., et al.*** **(Civil No. 3:26-cv-08394-RK-JBD)**

Dear Judge Kirsch:

We write on behalf of plaintiff Jason Nufio ("Plaintiff") in the above-captioned matter. We respectfully request leave to file a motion for alternative service upon Defendants Livingston Allen a/k/a DJ Akademiks, Adin Ross, and Aubrey "Drake" Graham pursuant to Federal Rule of Civil Procedure 4(e)(1) and New Jersey Court Rule 4:4-4(b)(3). Despite efforts to serve Mr. Allen at his residence, service remains unsuccessful, and the circumstances reported by our investigators suggest that he is actively avoiding service.

Plaintiff retained Guidepost Solutions to assist in effectuating service. As to Mr. Allen, investigator Martin Buckel's September 28, 2026 report documents unsuccessful visits to his Morganville, New Jersey residence on September 16, 20, and 21, 2026. On September 16, the investigator observed the property from approximately 11:00 a.m. until 3:00 p.m. without making contact. On September 20, he returned and, at approximately 8:25 p.m., accompanied a pizza delivery driver to the front door. No one answered the doorbell or the driver's telephone call, and the delivery driver departed without completing the delivery.

On September 21, the investigator observed Mr. Allen leave the residence in a gray Audi but was unable to locate him after he turned onto Igoe Road. The investigator returned to await his arrival. Later, police officers approached and advised that Mr. Allen had complained that the investigator had been following him. The investigator explained the purpose of his presence and

remained until approximately 7:00 p.m., without accomplishing service. These observations indicate that Mr. Allen was aware of the investigator's presence and purpose.

As to Mr. Ross, process servers Sergio Gonzalez and Jose H. Mejia report multiple attempts to effectuate service at his residence at 14851 SW 21st Street, Davie, Florida, including approximately twelve hours of surveillance collectively conducted on September 16, October 1, and October 2, 2026. Mr. Gonzalez is a Special Process Server appointed by the Broward County Sheriff, and Mr. Mejia is a Certified Process Server in Miami-Dade County and a Special Process Server appointed by the Monroe County Sheriff. The residence sits on a 449,535-square-foot gated property, with two security vehicles stationed near the entrance, including one marked for Guardian Professional Security. Security personnel repeatedly denied the process servers entry, stating that they did not know whether Mr. Ross was home. Surveillance included efforts to observe Mr. Ross entering or leaving in three vehicles registered to him: a 2026 Ferrari Purosangue, a 2024 Mercedes-Benz GLE Coupe, and a 2025 Mercedes-Maybach S 580. During one attempt, a process server followed a Porsche approaching the residence but was blocked by two men, one in a utility terrain vehicle. Although the process server identified himself, explained the nature of the papers, and requested access to Mr. Ross, he was denied permission to approach the front door, while the Porsche was permitted to proceed. The process server then announced that he was leaving the papers and placed them on a column. Investigators subsequently identified one of the men through vehicle-registration records and a corresponding Facebook photograph as Francis Robert Dellatto, who reportedly has provided executive protection to other celebrities. These reported circumstances demonstrate substantial barriers to reaching Mr. Ross through ordinary service efforts and support Plaintiff's request for leave to seek a court-authorized alternative method of service.

As to Mr. Graham, efforts to effectuate service remain ongoing. It is Plaintiff's understanding, however, that parties in other related Stake litigations, whom are also represented by Plaintiff's counsel in this matter- Mr. Kostel and Mr. Kelsey, have encountered extraordinary difficulty, if not an inability, to serve Mr. Graham because of his celebrity status, constant movement, and extensive security measures that effectively prevent access to him. In light of those reported obstacles, Plaintiff seeks leave to include Mr. Graham in the proposed motion for alternative service should ongoing efforts remain unsuccessful, supported by a sworn account of the efforts undertaken in this action and the factual basis for the alternative means requested.

The proposed motion will address each defendant separately and include sworn statements identifying the process to be served, the investigative efforts and service attempts, and the basis for concluding that the applicable requirements for court-authorized alternative service have been met. Plaintiff will identify the specific alternative means requested for each defendant and provide evidence that those means are reasonably calculated to give that defendant notice of this action. Any request involving service abroad will address the applicable international-service requirements. Plaintiff will also submit a proposed order for the Court's consideration.

Accordingly, Plaintiff respectfully requests leave to file a motion addressing alternative service upon Mr. Allen, Mr. Ross, and Mr. Graham, supported by the individualized factual and legal showing required for each defendant.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Donald Lomurro*
DONALD M. LOMURRO, ESQ.

cc: David McGill, Esq., *Counsel for defendants Sweepsteaks Ltd. d/b/a Stake.us and Kick Streaming Pty. Ltd.* (Via ECF)